**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EMILY WARDLAW** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | **NO. 05-3387 and 07-160** |
| **CITY OF PHILADELPHIA** | : | **[CONSOLIDATED]** |

**MEMORANDUM**

**NORMA L. SHAPIRO, S.J.**                                                                                   **JULY 24, 2009**

On July 9, 2009, plaintiff, now representing herself pro se, filed a "Request for the Honorable

Norma L. Shapiro to Recrue [sic] from this case;" the court is treating plaintiff's filing as a motion

for recusal under both 28 U.S.C. § 144 and 28 U.S.C. § 455.  The complaint in this case was filed

on July 18, 2005 (Paper #3).  A series of requests for postponement, for settlement discussions,

delays for change of counsel, and attempts to appoint substitute counsel led the court to determine

it was important to bring this matter to a conclusion.  Motions in limine are pending, but the motion

for recusal must be decided before the court acts on any other pending matter.  Under either § 144

or § 455, plaintiff's motion must be denied.

Title 28 U.S.C. § 144 states:

> Whenever a party to any proceeding in a district court makes and files a timely and
> sufficient affidavit that the judge before whom the matter is pending has a personal
> bias or prejudice either against him or in favor of any adverse party, such judge shall
> proceed no further therein, but another judge shall be assigned to hear such
> proceeding.
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice
> exists, and shall be filed not less than ten days before the beginning of the term at
> which the proceeding is to be heard, or good cause shall be shown for failure to file
> it within such time.  A party may file only one such affidavit in any case.  It shall be
> accompanied by a certificate of counsel of record stating that it is made in good faith.

The mere filing of an affidavit under § 144 does not automatically disqualify a judge from

hearing a case.  Comer v. The Board's Legal Department, The School District of Philadelphia, No.

84-3206, Slip Op. at 2 (E.D.Pa. August 28, 1986); Resident Advisory Board v. Rizzo, 510 F. Supp.

793  (E.D.Pa.  1981).  Rather, the movant must make a three-fold showing:  1) the facts must be

material and stated with particularity; 2) the facts must be such that if true they would convince a

reasonable man that a bias exists; and 3) the facts must show the bias is personal, as opposed to

judicial in nature.  United States v. Thompson, 483 F.2d 527, 528 (3d Cir. 1973).

        A judge facing a claim under 28 U.S.C. § 144 may pass only on the legal sufficiency of the

facts alleged in the affidavit; a judge may not question the truth of the allegations or the good faith

of the pleader.  United States v. Townsend, 478 F.2d 1072, 1073 (3d Cir. 1973).  In the instant case,

it is clear plaintiff has not followed the statutory procedure.  There has been no timely affidavit nor

is it accompanied by a certificate of counsel of record or any certificate stating it is made in good

faith as required by § 144.

        Since plaintiff appears pro se, her motion considered under § 144 is not denied solely for this

reason.  It is also denied because plaintiff has failed to allege any specific facts that would lead a

reasonable person to believe the court is personally biased against her or to support a reasonable

suspicion of bias; plaintiff's averments deal only in generalities, some of which do not pertain to

conduct of this judge.  Plaintiff's motion under 28 U.S.C. § 144 fails for this reason.

        A motion for recusal may also arise under 28 U.S.C.A. § 455.  This section provides in part:

(a)     Any justice, judge, or magistrate of the United States shall disqualify himself
        in any proceeding in which his impartiality might reasonably be questioned.
(b)     He shall also disqualify from the case in the following circumstances:
        (1)     Where he has a personal bias or prejudice concerning a party. . . .

 A judge is obligated to recuse herself whenever any of the circumstances described in § 455

arise.  Section 455 requires no motion or affidavit.

        The Supreme Court has held that when a party moves for a judge's recusal based solely on

the judge's conduct or statements within the context of the litigation itself, without identifying any possible extrajudicial sources of bias or prejudice, recusal is not appropriate unless the judge's opinions and remarks reveal a "deep-seated" or "high degree" of "favoritism or antagonism that would make fair judgment impossible." Liteky v. U.S., 510 U.S. 540, 555-56 (1994).  A judge's unfavorable predisposition may be considered a bias or prejudice, but any predisposition arising solely from the circumstances of the litigation must be so extreme that it precludes the judge from rendering a fair judgment. Id., at 551.

A judge should only recuse under § 455(a) if a reasonable person, with knowledge of the facts, would conclude that the judge's impartiality might reasonably be questioned. In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004).  In this case, plaintiff's allegations would not cause any reasonable person to question this judge's impartiality.

1) Plaintiff is grieved by the court's Order of March 10, 2009, threatening sanctions if she did not show up for a court hearing and give her deposition.  This order was clearly justified by Fed. R. Civ. Pro. 37(d)(3) and necessary to bring the case to trial in view of plaintiff's repeated dilatory course of conduct.  Plaintiff contends this was an "act of torture" and to comply with the court's order she had to withdraw from avionics school.  Because her concentration and memory were allegedly injured by gender discrimination at the school but mostly by the court's unfair order, she failed a test costing $60.00 and had to take medical leave; her educational costs were $14,000 in loans.  No reasonable person could question the court's impartiality because of actions necessitated by plaintiff's failure to prosecute.

2) Plaintiff asserts counsel for defendant misstated facts concerning receipt of a letter hand delivered to the court, not mailed from 30th Street Post Office.  This seems irrelevant to the issue of

judicial bias and cannot be the basis for recusal.[1]

3) In support of plaintiff's request for an extended continuance because of her physical condition and the stress it produced, a treating psychologist submitted a letter to the court to the effect that plaintiff was physically unable to prosecute her case at that time.  After unsuccessful efforts to obtain counsel for plaintiff, the court held a hearing on whether to appoint a guardian ad litem.  In view of plaintiff's strong objections to what she perceived as a reflection on her competency adversely affecting the possibility of her future employment, the court did not make the appointment but permitted plaintiff to represent herself.

Plaintiff believed she gave permission for the psychologist's letter to be used only by the court to convince it not to dismiss charges of sex, race, and age discrimination, but plaintiff failed to realize the court could not consider this communication ex parte.  It was made available to counsel for the defendant despite plaintiff's intention to have it viewed only by the court.  Plaintiff views this failure to protect the confidentiality of the medical information she herself placed in issue as evidence of court bias.  No reasonable person would believe following proper judicial procedure was evidence of bias.

4)  Other reasons given by plaintiff are burdensome to explain or discuss.  There was some misunderstandings or miscommunications between plaintiff and counsel for defendant about due dates and extensions of time; plaintiff believes this is evidence of collaboration between counsel for defendant and the court.  This is too far-fetched to merit discussion as is her complaint that there has

---

[1]Plaintiff seems unaware that counsel for defendant receives electronic notices and copies of documents upon their filing with the Clerk of Court via the Case Management/Electronic Case Files (CM/ECF) system, the automated case management and electronic docketing system for the U.S. District Court for the Eastern District of Pennsylvania.  See Local Civil Rule 5.1.2, Electronic Case Filing.

been no written notification or docket entry acknowledging a transcript error from the April 27, 2009, hearing.  They simply do not require recusal for the appearance of impropriety.

5) Plaintiff suggests this law suit might have been the reason she did not receive a household heater through a low income resident program.  Although Mayor Nutter at a citizens meeting denied termination of her City employment had anything to do with her law suit,, an investigator for the Inspector General came to her home during the time period allowed for her response to the City's motion for summary judgment.  Admitting it is "far-fetched," plaintiff wonders whether the court used  information from this law suit to "tip" the Inspector General's office in retaliation.  The suggestion that the court is responsible for reporting "plaintiff's silent whistle-blowing" is without any credible factual basis and could not lead any reasonable person to suspect any impropriety by this court.

6)  Finally, plaintiff states she has high blood pressure and diabetes and asks the court to consider this fact in its deliberations.  Of course, plaintiff will be treated fairly, but her physical problems present no reason for the court to recuse.

Plaintiff has not alleged any facts demonstrating bias on the judge's part that might lead a reasonable person to conclude the judge was incapable of deciding plaintiff's claim fairly.  The request for recusal will be denied.  An appropriate order will issue.